

COLLINS EDMONDS POGORZELSKI

SCHLATHER & TOWER, PLLC

Henry Pogorzelski
281.501.3388
hpogorzelski@cepiplaw.com

December 18, 2012

The Honorable Caroline M. Craven
United States Magistrate Judge
United States District Court, Eastern District of Texas
500 North State Line Ave, Room 401
Texarkana, TX 75504

> Re:   Plaintiff's Reply Letter Brief in Support of Its Request for Permission to File
> Expedited Motion to Strike Expert Declaration of Dr. Fair and Associated Claim
> Construction Extrinsic Evidence in *Semiconductor Technologies, LLC v. Micron
> Technology, Inc. et al.,* No. 2:12-cv-00163-MHS-CMC.

Dear Judge Craven:

Pursuant to the Court's Motion Practice Order (Dkt. No. 45) and Docket Control Order (Dkt. No. 51), Plaintiff Semiconductor Technologies LLC ("STL") respectfully submits this abbreviated reply letter brief in support of its request for leave to file an Expedited Motion to Strike the Fair Declaration.

First, there is a clear dispute between the parties as to whether Micron's boilerplate paragraph regarding expert testimony is in compliance with P.R. 4-2(b).  STL contends that P.R. 4-2(b) requires substance and means what it says.  Micron contends that the plain text of P.R. 4-2(b) may be ignored, and that litigants are free to sandbag on the disclosure of their expert testimony at the P.R. 4-2(b) stage.   The Court should confirm that P.R. 4-2(b) requires substance and cannot be met with boilerplate.

Micron argues in its opposition letter brief that that its Fair Declaration is not being interposed for an improper purpose, and that STL knew when Micron served its P.R. 4-2 statements that Micron intended to rely on expert testimony.  This is not correct.  Micron filed its P.R. 4-2 statement on November 9, 2012.  Thereafter, STL suspected that Micron might submit a responsive expert report on the '661 patent.  However, STL had no reason to believe that Micron might submit an expert report on the Four Fabrication Patents until approximately November 29, 2012.   On that day, following a meet and confer, STL received an email at 6:16 pm from Micron counsel as follows:

> It didn't come up on the meet and confer regarding claim construction today, thus I'm assuming that the parties are going to submit declarations.  Again, to defray the costs of depositions, etc., particularly since I suspect that expert testimony won't be helpful on claim construction, Micron would stipulate to no expert declarations or testimony on all the patents ([the Four Fabrication Patents] and the '661 patent) for the purposes of claim construction if STL agrees to such a stipulation by AM tomorrow.  At that point, we will be too far along in the process.  Of course, we'd take the stipulation tonight as well.

CEP IP

December 18, 2012
Page 2

(emphasis added).  Thus, while Micron's letter brief attempts to give the impression that its use of expert testimony on the Four Fabrication Patent is important to its case, Micron states in its email to STL that it suspects that expert testimony won't be helpful on claim construction.

Finally, Micron argues that its rule violation should be excused because STL has allegedly not been prejudiced.  Micron's argument should be discounted for two reasons.  First, a requirement to show prejudice is not part of the Local Patent Rules.  The Local Patent Rules do not state that a party may interject expert testimony for the first time at the P.R. 4-3 stage, so long as the other parties is not unfairly prejudiced.  Second, allowing Micron to rely upon the Fair Declaration would unfairly prejudice STL.  If the Fair Declaration is allowed, STL would have little choice but to expend valuable time and recourses taking Dr. Fair's deposition during the week before its opening claim construction brief is due.  Moreover, allowing the Fair Declaration will allow Micron to argue during the claim construction that only its proposed constructions are supported by an allegedly unbiased expert, and that that the statements of Micron's expert are unrebutted by STL.  While STL could conceivably now put together a responsive expert report on the Four Fabrication Patents, this would require STL to expend even more valuable resources.  Such would be a waste of everyone's time and resources, especially since Micron itself has stated that expert testimony likely won't be helpful on construction.

### Conclusion

The Court should strike the Fair Declaration because Micron has not complied with P.R. 4-2(b) and because the Fair Declaration was submitted for an improper purpose.  STL respectfully requests the Court's permission to file an expedited motion to strike the Fair Declaration.  Alternatively, the Court should dispense with formal briefing and issue an order striking the Fair Declaration.

Respectfully submitted,

By: /s/  Henry Pogorzelski
Henry M. Pogorzelski

cc:  all counsel of record (by ECF)